Argued and submitted November 7, 1991, accused disbarred May 1, 1992

In re Complaint as to the Conduct of

Robert L. KIRKMAN,
*Accused.*

(OSB 90-81; SC S38143)

830 P2d 206

Garr M. King, of Kennedy, King & Zimmer, Portland, argued the cause and filed the briefs for the accused.

Mary A. Cooper, Assistant Disciplinary Counsel, argued the cause and filed the brief for the Oregon State Bar.

Before Carson, Chief Justice, and Peterson, Gillette, Fadeley, Unis, and Graber, Justices.

PER CURIAM

.

## PER CURIAM

This is a lawyer disciplinary proceeding involving Robert L. Kirkman (the accused). The Disciplinary Board Trial Panel recommended that the accused be disbarred. Based on our findings on *de novo* review, we order that the accused be disbarred.

The accused was admitted to practice law in Oregon in 1968. After meritorious service in the armed forces, the accused entered the private practice of law in Portland in 1972. He had a good reputation as a lawyer.

The accused married Susan Kirkman in 1967. They had four children. During the marriage, the accused became intimately involved with another woman, Jane. A daughter was born to the accused and Jane on January 19, 1984.

Jane exerted pressure on the accused to get a divorce so that he could marry her. In about November 1984, the accused prepared and presented to Jane a judgment of dissolution purportedly from a Clackamas County Circuit Court case entitled "In the Matter of the Marriage of Robert L. Kirkman, petitioner, and Susan C. Kirkman, respondent, case number 83-2-307." The accused signed or caused another to sign Judge Dale Jacobs' name to the purported dissolution judgment. The accused represented to Jane that this judgment was a final dissolution of his marriage to Susan Kirkman. He knew that the judgment was not valid. He knew that no such judgment had been entered in any court. The accused delivered the dissolution judgment to Jane with the intent to deceive her so that he could continue his relationship with her.

The accused was appointed a Multnomah County District Judge in December 1984.

In March 1987, while still married to Susan Kirkman, the accused applied for a license to marry Jane. On the application, the accused declared that he was divorced. On April 4, 1987, while he was still married to Susan Kirkman, the accused married Jane in a civil ceremony. He told Jane, both before and after the April 4, 1987, ceremony, that he was divorced from Susan Kirkman. Jane later learned that the accused was not divorced from Susan Kirkman. Thereafter,

the accused and Jane, as co-petitioners, filed a suit to annul their marriage. That marriage was annulled in the fall of 1987.

The marriage between the accused and Susan Kirkman was dissolved in December 1987. In January 1988, the accused and Jane were married. That marriage was dissolved on July 23, 1990.

A complaint was filed with the Commission on Judicial Fitness and Disability. On October 22, 1990, following a hearing, that Commission recommended to the Supreme Court that the accused be removed from office as a district court judge. ORS 1.425. While the judicial fitness proceeding was pending in the Supreme Court, the accused resigned as district court judge, effective January 31, 1991.

DR 1-102(A)(3) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

We find that the accused violated DR 1-102(A)(3).

DR 1-102(A)(2) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law[.]"

Even though the accused was not convicted of any crime,[1] we find that he committed three crimes. He committed forgery by intentionally preparing the falsified judgment of dissolution. ORS 165.013.[2] He violated ORS 162.085 by

---

[1] The record shows that the accused was not prosecuted criminally because his conduct was not reported to law enforcement authorities until after the relevant statutes of limitation had run.

[2] ORS 165.013 provides in part:

"(1) A person commits the crime of forgery in the first degree if the person violates ORS 165.007 and the written instrument is or purports to be any of the following:

"* * * * *

knowingly falsely declaring himself to be divorced in his application for a marriage license in March 1987.[3] In addition, the accused committed the crime of bigamy, ORS 163.515,[4] when he knowingly married or purported to marry Jane on April 4, 1987, when he knew that he was still married to Susan Kirkman.

These criminal acts reflect adversely on the accused's honesty, trustworthiness, and fitness to practice law. DR 1-102(A)(2). These were not "victimless" crimes. The accused's duplicity existed over a period of years, causing injury and humiliation to both of his families. The publicity

---

"(c) A * * * document which does or may evidence, create, * * * alter, * * * or otherwise affect a legal right, * * * or status;

"(d) A public record.

"(2) Forgery in the first degree is a Class C felony."

ORS 165.007 provides in part:

"(1) A person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person:

"* * * * *

"(b) Utters a written instrument which the person knows to be forged.

"(2) Forgery in the second degree is a Class A misdemeanor."

"Written instrument" is defined in ORS 165.002, which provides in part:

"As used in ORS 165.002 to 165.022, and 165.032 to 165.070, unless the context requires otherwise:

"(1) 'Written instrument' means any paper, document, instrument or article containing written or printed matter or the equivalent thereof, whether complete or incomplete, used for the purpose of reciting, embodying, conveying or recording information or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.

"* * * * *

"(7) To 'utter' means to issue, deliver, publish, circulate, disseminate, transfer or tender a written instrument or other object to another."

[3] ORS 162.085 provides:

"(1) A person commits the crime of unsworn falsification if the person knowingly makes any false written statement to a public servant in connection with an application for any benefit.

"(2) Unsworn falsification is a Class B. misdemeanor."

[4] ORS 163.315 provides:

"(1) A person commits the crime of bigamy if the person knowingly marries or purports to marry another person at a time when either is lawfully married.

"(2) Bigamy is a Class C felony."

surrounding these criminal acts was extensive. We also find that his misconduct caused serious injury to the legal system. His conduct brought contempt upon the legal profession and upon the courts, undermining public confidence in bench and bar alike.[5]

We turn to the question of sanction. In other cases, we have relied on the American Bar Association Standards for Imposing Lawyer Sanctions. *See, e.g., In re Wolf*, 312 Or 655, 662, 826 P2d 628 (1992); *In re Hedrick*, 312 Or 442, 449, 822 P2d 1187 (1991). We do so in this case, as well. ABA Standard 5.11 provides:

"Disbarment is generally appropriate when:

"(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft * * *, or

"(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that *seriously adversely reflects on the lawyer's fitness to practice.*"

Personal honesty and integrity are essential characteristics of lawyers. Intentional misrepresentation is totally incompatible with a lawyer's obligations. Adherence to the law is a lawyer's sworn duty. Concerning the criminal misconduct, whether or not a charge is brought largely is irrelevant. The accused is guilty of serious criminal misconduct, *viz.*, one felony and two misdemeanors, as well as misconduct involving misrepresentation that "seriously adversely reflects on [his] fitness to practice" law. The misconduct of which we have found the accused guilty is so serious that, in the absence of compelling mitigating circumstances, disbarment is the only appropriate sanction.

ABA Standard 9.32 lists mitigating factors.

"Mitigating factors include:

---

[5] By way of mitigation, the accused's brief states that

"he has had to sustain himself through the humiliating media coverage and has made substantial efforts to protect his family from publicity. The media coverage has made the public and the Bar well aware of [the accused's] problems and the adverse effect on him will continue for some time."

"(a)    absence of a prior disciplinary record;

"(b)    absence of a dishonest or selfish motive;

"(c)    personal or emotional problems;

"(d)    timely good faith effort to make restitution or to rectify consequences of misconduct;

"(e)    full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

"(f)    inexperience in the practice of law;

"(g)    character or reputation;

"(h)    physical or mental disability or impairment;

"(i)    delay in disciplinary proceedings;

"(j)    interim rehabilitation;

"(k)    imposition of other penalties or sanctions;

"(l)    remorse;

"(m)   remoteness of prior offenses."

The record establishes some of the mitigating factors. The accused has no prior disciplinary record (factor (a)). He had personal and emotional problems (factor (b)). He made full disclosure (factor (e)). He had a good reputation, both as a lawyer and as a judge (factor (g)). Concerning factor (k), the accused states: "As to other sanctions imposed in this particular case, [the accused] has been sanctioned by losing his judicial position." True, the accused has lost his judicial position, a substantial consequence, judged by any standard. But the obligations of a lawyer and of a judge, congruent though many of them are, are not governed by one disciplinary process, and for good reason.

At risk in the judicial fitness proceeding was the accused's public office. At issue here is whether the accused's misconduct is serious enough to require the loss, temporarily or permanently, of his license to practice law. The accused's conduct as a judge is measured by the Code of Judicial Conduct and statutes. That measure was made by the Commission on Judicial Fitness and Disability, and it found that the accused should be removed from office. He resigned before this court could act on the Commission's recommendation. Today, the accused's conduct is measured by rules that determine whether lawyers can continue to practice law.

In evaluating the misconduct, we also examine aggravating factors. ABA Standard 9.22, which lists 10 aggravating factors, provides:

"Aggravating factors include:

"(a)  prior disciplinary offenses;

"(b)  dishonest or selfish motive;

"(c)  a pattern of misconduct;

"(d)  multiple offenses;

"(e)  bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

"(f)  submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

"(g)  refusal to acknowledge wrongful nature of conduct;

"(h)  vulnerability of victim;

"(i)  substantial experience in the practice of law;

"(j)  indifference to making restitution."

We find that the accused acted from a dishonest or selfish motive (factor (b)); there was a pattern of misconduct and multiple offenses (factors (c) and (d)); and there were vulnerable victims (factor (h)). The mitigating factors are, in a substantial way, balanced by the aggravating factors. None of the mitigating factors are so compelling as to convince us that a sanction less than disbarment is appropriate.

Because the accused's misconduct is so great, because the nature of the misconduct is so destructive of truth and honesty, because public confidence in the integrity of the legal profession is so important, and because appropriate discipline deters unethical conduct, we conclude that the accused must be disbarred.

The accused is disbarred.